**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IAN AGBANYO

       Petitioner

       v.

ANDREA CABRAL and
BRUCE CHADBORNE,

       Respondents.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CIVIL ACTION NO.:
07-11246- EFH

**<u>MEMORANDUM AND ORDER</u>**

October 15, 2007

HARRINGTON, S.D.J.

Petitioner Ian Agbanyo, an immigration detainee confined at the Suffolk County House of Correction in Boston, Massachusetts filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, naming Sheriff Andrea J. Cabral and others as respondents. The respondents have moved to dismiss the petition.

The petitioner, who was born in Liberia, entered the United States in 1987. He was arrested on May 1, 2006 by the Bureau of Immigration and Customs Enforcement ("ICE") and detained for deportation hearings. An Immigration Judge ordered the petitioner's removal on August 24, 2006. The Board of Immigration Appeals affirmed that decision on December 7, 2006. On May 11, 2007, the petitioner appeared before the Liberian Consulate to obtain travel documents. According to the Declaration appended to the respondents' Motion to Dismiss, the

Liberian Consulate refused to issue travel documents to the petitioner because the petitioner claimed that he was a citizen of the United States.

Once a final order of removal has been issued, an alien may be detained for up to six months. Zadvydas v. Davis, 533 U.S. 678, 701 (2001). After this six-month period elapses, an alien may be entitled to release if he "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and the government is unable to present evidence sufficient to rebut this showing. Id. This rule does not apply, however, if the alien "refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government." Lema v. INS, 341 F.3d 853, 856 (9th Cir. 2003); see also 8 U.S.C. § 1231(a)(1)(C) (authorizing continued detention if an alien "fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure . . ."). In this case, the petitioner has been confined beyond the six-month period set forth in Zadvydas and there is good reason to believe that he will not be removed in the reasonably foreseeable future. The government's evidence shows, however, that the petitioner has impeded his removal by telling the Liberian Consulate that he was a U.S. citizen, a remark that led the Liberian authorities to deny the petitioner the travel documents necessary to secure his return to Liberia. The petitioner denies making these statements, but has not submitted an affidavit or any other materials rebutting the government's evidence. Nor is there any evidence corroborating his suggestion that he is a United States citizen.[1] Because the uncontroverted record evidence

_____

[1]As the government correctly notes, this Court cannot review his removal order. It is possible, however, that evidence that the petitioner is, in fact, a United States citizen might have some bearing on whether he was cooperating in good faith to secure his removal. In other words, it is not clear that good faith cooperation with immigration authorities would require the petitioner to falsely disavow United States citizenship. The Court, stresses however, that it need

demonstrates that the petitioner has  not only failed to cooperate, but has actively obstructed efforts to remove him, his petition must be dismissed.

The petitioner holds "the keys [to his freedom] in his pocket."  Pelich v. INS, 329 F.3d 1057, 1060 (9th Cir. 2003) (quotation omitted) (alteration in original).  He may either establish his citizenship claim by appropriate documentation or he may cooperate with ICE officials in securing his removal by advising the Liberian Consulate of his true citizenship.

The respondents' motion to dismiss the petition is allowed.

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United States Senior District Judge

---

not reach this question because there is absolutely no evidence in this record that would so much as suggest, let alone substantiate the petitioner's contention, that he is a United States citizen.